**IN THE UNITED STATES BANKRUPTCY COURT**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No.: 14-08841 |
| RAUL GONZALEZ, | ) | |
| | ) | Judge Carole A. Doyle |
| Debtor | ) | Trustee Tom Vaughn |

| | | |
|---|---|---|
| RAUL GONZALEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Adv. No. |
| | ) | |
| WELLS FARGO BANK NA, | ) | |
| Defendant, | ) | |

**COMPLAINT OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 506(a), 11 U.S.C SECTION 1322(b)(2) and BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY and CREDITOR'S ALLOWED SECURED CLAIM**

**Introduction**

This is an action brought by the Plaintiff pursuant to 11 U.S.C. Section 506(a), 11 U.S.C Section 1322(b)(2) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtor and determine the amount of the allowed secured claim of the Defendant.

**Jurisdiction**

1. Plaintiff alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable law.

2. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**The Best Case and Parties**

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a

voluntary petition with the Clerk of this Court on March 12, 2014.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341 (a) meeting of creditors was to be held on April 29, 2014 in Chicago, Illinois. The first date for the plan confirmation is May 20, 2014.

6. The Defendant has filed an objection to confirmation of the plan in this case.

7. Upon information and belief, the Defendant, an entity engaged in the business of consumer credit lending in the State of Illinois, and which maintains a principal place of business in a state outside of the State of Illinois.

**Factual Allegations**

8. The Plaintiff has a property interest in the investment real estate commonly known as 4453 W. Cortez, Chicago, Illinois 60651.

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of Wells Fargo for loan number ending 8220 for the deed of trust on the real estate of the Debtor.

10. The Plaintiff alleges that at the time he filed the bankruptcy petition and at the present time the value of his interest in the said investment residential real estate was and is approximately $55,000.00.

11. The Plaintiff's interest in the real estate is subject to a lien arising out of a mortgage in favor of Wells Fargo Bank NA. The balance owed to Wells Fargo Bank NA for the mortgage is approximately $276,911.58 per Proof of Claim 3 filed on May 19, 2014.

12. The lien and balance owed on the mortgage, $276,911.58, exceeds the value of the underlying property which is approximately $55,000.00.

13. Plaintiff seeks to determine the nature and extent of the lien of the Defendant and cram down its lien to current market value of $55,000.00 due to lack of value pursuant to 11 U.S.C. 1322(b)(2) and 11 U.S.C. 506(a).

14. The Plaintiff seeks to have the property redeemed through the plan at the fair market value of $55,000.00 and that the remaining amount be paid as a general unsecured non priority claim pursuant to 11 U.S.C. 1325 (a)(5)(B).

15. The Plaintiff seeks to have the Defendant Wells Fargo Bank NA for loan number ending 8220 treated as a secured claim to only to the extent of its current market value. As the value is less than the unpaid balance of the secured loan, the difference shall be deemed an unsecured claim of the Defendant pursuant to 11

U.S.C 506(a)(1).

16. The Plaintiff's confirmed Chapter 13 bankruptcy plan requires him to make interest and fixed monthly payments to the Defendant equivalent to the market value of the collateral pursuant to 11 U.S.C. 1325(a)(5)(B).

**WHEREFORE,** the Plaintiff respectfully prays of the Court as follows:

A. That this Court determine that the Defendant has a secured interest in the amount of $55,000.00 for the loan secured by the mortgage and lien on the investment real estate of the Debtor;

B. That this Court determine that the difference between the current market value and the remaining unpaid balance be deemed an unsecured claim and paid as a general unsecured claim;

C. That the attorney for the Plaintiff be awarded reasonable legal fees;

D. That the Plaintiff has such other and further relief as to the Court may deem just and proper.

Dated this the 29th day of September, 2014.

                Respectfully Submitted,


           By: /s/Ted A. Smith
               Attorney for Plaintiff(s)


Ted A. Smith
Smith Ortiz P.C.
Attorney for Debtor(s)
4309 W. Fullerton Avenue
Chicago, IL 60639
Tel. (773) 384-7400
Fax. (773) 384-7403
Email: ted.smith@smithortiz.com